UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN R. BUND II,

                Plaintiff,

v.

SAFEGUARD PROPERTIES, LLC,

                Defendant.

CASE NO. C16-0920JLR

ORDER ON ATTORNEYS' FEES

## I.    INTRODUCTION

Before the court is Plaintiffs John R. Bund II, Mandy Hanousek, and Garett Hanousek's motion for an award of attorneys' fees. (Mot. (Dkt. # 59).) Defendant Safeguard Properties, LLC ("Safeguard") opposes the amount of fees that Plaintiffs seek. (Resp. (Dkt. # 61).) Plaintiffs' reply and accompanying exhibits provide further support for the award of fees. (Reply (Dkt. # 63).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Considering

//

ORDER - 1

itself fully advised,[1] the court grants in part and denies in part Plaintiffs' motion for attorneys' fees and costs as described herein.

## II. BACKGROUND

Plaintiffs bring a putative class action against Safeguard alleging claims for trespass (SAC (Dkt. # 44) ¶¶ 7.1-7.7), intentional trespass under RCW 4.24.630 (*id.* ¶¶ 8.1-8.15), violation of the Washington Consumer Protection Act ("CPA"), RCW ch. 19.86 (*id.* ¶¶ 9.1-9.9), and conversion (*id.* ¶¶ 10.1-10.9). Plaintiffs seek to recover for damages to real and personal property allegedly incurred while Safeguard was conducting property preservation services on behalf of Plaintiffs' lenders. (*Generally id.*)

Safeguard filed a motion to dismiss the class claims. (MTD (Dkt. # 14).) The court denied the motion to dismiss and ruled that pre-discovery dismissal of class allegations was not proper in this case. (12/30/16 Order (Dkt. # 43).) Despite this order, Safeguard filed a motion to disqualify and remove the Hanouseks as class representatives prior to conducting sufficient discovery. (*See* DQ Mot. (Dkt. # 49).) The court denied the motion to disqualify, and because the motion filed was contrary to the court's previous order, permitted Plaintiffs to file a motion for costs incurred in responding to Safeguard's motion to disqualify. (*See* Min. Entry (Dkt. # 58).)

Plaintiffs moved for fees consistent with the court's minute entry. (*See generally* Mot). Safeguard asserts that the requested fees are not reasonable. (Resp.) The court now addresses Plaintiffs' motion.

---

[1] No party has requested oral argument, and the court deems it unnecessary to the disposition of this motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

## III. ANALYSIS

### A. Legal Standard

To determine whether requested fees are reasonable, the court applies the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under this method, the court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Id.* The court "may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

A reasonable hourly rate corresponds to the prevailing market rate in the relevant community considering the experience, skill, and reputation of the attorneys in question. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). In assessing whether the attorneys spent a reasonable number of hours on the litigation, courts may consider, among other factors: the time and labor required, novelty and difficulty of the questions involved, the skill necessary to perform the legal services properly, the time limitations imposed by the client or circumstances, the amount in controversy involved and the results obtained, and the experience, reputation, and ability of the attorneys. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citing *Kerr v. Screen Extra Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)). The court need only apply those factors that are relevant to the particular case. *See Kerr*, 526 F.2d at 70.

**B.    Application**

Plaintiffs request the $7,457.75 in attorneys' fees for 29 hours of work performed by three attorneys, Clay M. Gatens, Sally F. White, and Devon A. Gray, billed at rates ranging from $205.00 to $330.00 an hour. (Mot. at 2.) In support of their instant motion, Plaintiffs submit a Matter Ledger Report ("the Report") detailing the fees attributed to the motion to disqualify. (*See* White Decl. (Dkt. # 60), Ex. A.) Upon review of the billing record, the court concludes that Plaintiffs are entitled to most but not all of the fees they request.

    1. <u>Reasonable Hourly Rates</u>

The established standard when determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.2d at 1210-11. For purposes of determining a reasonable hourly rate, the relevant "community" is the Western District of Washington. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Affidavits from attorneys regarding prevailing fees and rate determinations in other cases can provide evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The court should also consider the experience, skill, and reputation of the attorneys requesting fees. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

The hourly rates requested are as follows: $330.00 for Mr. Gatens, a partner at Jeffers, Danielson, Sonn & Aylward, P.S. with over ten years of experience; $275.00 for

Ms. White, a senior associate with over five years of experience; and $205.00[2] for Ms. Gray, a first-year associate attorney. (Reply at 3.) Ms. White's declaration provides support for the reasonableness of these fees in the relevant community (White Decl. at 2), as do recent decisions from the Western District of Washington, *See e.g. Fulton v. Livingston Fin. LLC*, No. C15-0574JLR, 2016 WL 3976558 at *4 (W.D. Wash. July 25, 2016) (finding $300.00 a reasonable hourly rate in the relevant community); *Rodriguez v. Nancy A. Smith & Assocs.*, No. C12-5252RBL, 2012 WL 5207545, at *3 (W.D. Wash. Oct. 22, 2012) (finding hourly rates ranging from $160.00 to $265.00 to be reasonable).

The hourly rates from these cases comport with the court's "own knowledge of customary rates and [its] experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (per curiam). The court thus concludes that $330.00 per hour is a reasonable rate for Mr. Gatens' services in this case; that $275.00 per hour is a reasonable rate for Ms. White's services in this case; and that $205.00 per hour is a reasonable rate for Ms. Gray's services in this case.

2. Hours Reasonably Worked

In determining the amount of hours reasonably spent, courts grant deference to the winning attorney's professional judgment as to how much time was required to prevail on the motion. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). However, courts should exclude from their calculation hours that lack adequate

---

[2] The Report uses an hourly rate of $205.00 for Ms. Gray, although Plaintiffs' reply states that Ms. Gray's hourly rate is $210.00. (Reply at 3.) The lower rate comports with the amount Plaintiffs request at the outset — $7,457.75 — and thus the court accepts that $205.00 as the rate Plaintiffs seek to apply to the hours worked by Ms. Gray for the purposes of this motion. (*See* Mot. at 2.)

ORDER - 5

documentation, or which, though documented, were excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. The court finds that Plaintiffs seek compensation for some hours were not adequately documented, as well as some hours that are redundant or excessive, and adjusts the award accordingly. *See Hall v. City of Auburn*, 567 F. Supp. 1222, 1227 (D. Me. 1983) (reducing lodestar amount due to inadequate documentation where court is "unable to ascertain whether or not there has been unwarranted duplication of effort.")

Two line items in the Report inadequately describe the work performed. Line item 9, dated February 3, 2017, describes 0.5 hours worked by Mr. Gatens as "Work re response to motion to disqualify lead plaintiffs." (Report at 9.) In addition, Line item 18, dated March 1, 2017, describes 0.25 hours worked by Mr. Gatens as "Work re motion for fees to Disqualify." (*Id.* at 18.) Without a more detailed description, the court is unable to ascertain whether this work duplicates other work performed. Thus, the court excludes these line items from its calculation.

Additionally, Mr. Gatens billed one hour for preparing for and attending the telephonic hearing on February 27, 2017 (*Itd* at 16), despite not appearing at that hearing (Reply at 6). Although Plaintiffs assert that Mr. Gatens attended the hearing "in a supervisory capacity," this redundant staffing decision was not proximately caused by Safeguard's sanctioned filing. *Goodyear Tire & Rubber Co. v. Haeger*, - - - U.S. - - -, 137 S. Ct. 1178, 1189 (2017) (holding that a federal court's inherent authority to sanction litigants by shifting fees is limited to fees that "were incurred because of, and solely

because of, the misconduct at issue.") Accordingly, the court excludes this hour of work from its calculation.

Given the scope and nature of the motion to disqualify and response, the remaining hours reported are sufficiently reasonable. *See e.g. Kacsuta v. Lenovo (United States) Inc.*, No. SACV 1300316CJCRNBX, 2014 WL 12585787, at *7 (C.D. Cal. Dec. 16, 2014) (finding that opposing a motion to dismiss a class action "could have been completed in 80 hours").

3. <u>Calculations</u>

Mr. Gatens reported 6.25 hours of work related to the motion to disqualify and the motion for fees. (Report.) The court concluded that Mr. Gatens' reasonable hourly rate is $330.00. Deducting the 1.75 hours that were inadequately documented or redundant, Mr. Gatens reasonably reported 4.5 hours in working on the motion for fees. The court thus awards $1,485.00 as compensation for Mr. Gatens' time. Ms. White reported 10.45 hours of work related to the motion to disqualify, and the court concludes that her reasonable hourly rate is $275.00. The court thus awards $2,873.75 as compensation for Ms. White's time worked on the motion to disqualify. Ms. Gray reported 12.3 hours of work related to the motion to disqualify, and the court concludes that her reasonable hourly rate is $205.00. The court thus awards $2,521.50 as compensation for Ms. Gray's time worked on the motion to disqualify. In sum, the court awards $6,880.25 in fees to Plaintiffs.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Plaintiffs' motion (Dkt. # 59) and awards Plaintiffs a total of $6,880.25 in reasonable attorneys' fees.

Dated this 28th day of April, 2017.

JAMES L. ROBART
United States District Judge