Hon. Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOHN R. BUND II, personally, as Executor of the Estate of Richard C. Bund, deceased; MANDY HANOUSEK and GARETT HANOUSEK, a married couple, and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAFEGUARD PROPERTIES, LLC, a Delaware corporation,<br><br>Defendant. | No. 2:16-cv-920 MJP<br><br>STIPULATED MOTION FOR LIMITED MODIFICATION OF THE SCHEDULING ORDER<br><br>**NOTED FOR HEARING: NOVEMBER 1, 2017** |

STIPULATED MOTION FOR LIMITED
MODIFICATION OF THE SCHEDULING ORDER
2:16-cv-920 MJP

## I. STIPULATION

The discovery motions cutoff was October 11, 2017. Dkt. # 142. The discovery cutoff is November 13, 2017. *Id.* The parties seek to modify those dates for the limited purpose of the following enumerated activities.

The parties agree that some of the issues in Plaintiffs' motion to compel (Dkt. # 146) and Defendant's motion for protective order (Dkt. # 150) may be mooted by the Court's order on Plaintiffs' pending motion for class certification (Dkt. # 86). Therefore, in order to alleviate some of the immediate burden on the Court's time, the parties agree that, (a) with the Court's leave, the motions should be renoted for the third Friday following the Court's issuance of the order on Dkt. # 86; and (b) the parties will review their respective motions and determine which, if any, issues remain to be decided following the Court's order on Dkt. # 86.

Both parties have identified experts to address the issue of Plaintiffs' disputed rent damages claim. Defendant has challenged that claim on the basis of, among other things, Plaintiffs' failure to timely identify rents as a category of damages, and failure to provide any computation of damages, under Federal Rule of Civil Procedure 26(a). The parties want to avoid the expenses of deposing the two experts before knowing whether the Court will allow Plaintiffs to pursue a rent damages claim. Further, Plaintiffs' expert is not available for a deposition before the discovery cutoff, and Plaintiffs communicated this to Defendant on October 30, 2017. Therefore, the parties stipulate that, with the Court's leave, they will postpone the depositions of John Kilpatrick (Plaintiffs' expert) and Bates McKee (Defendant's expert) until after the Court rules on whether Plaintiffs may pursue a claim for rents.

## II. AUTHORITY

A moving party may renote a pending motion, once a response has been filed, by filing a stipulation signed by all parties or by order of the court. LCR 7(*l*). Although the parties are bound by the dates in a scheduling order, the schedule may be modified for good cause and with

the judge's consent. LCR 16(b)(4). The parties seeking a change in dates and schedules previously set by the court shall clearly state the reasons justifying the proposed change. LCR 10(g).

The parties believe the Court has good cause to permit them to renote two discovery motions, Dkt. # 146 and Dkt. # 150, after the discovery motions cutoff because (a) the motions were timely filed before the discovery motions cutoff; (b) the Court's decision on the motion for class certification (Dkt. # 86) may moot issues in the pending motions. The parties ask that the Court consent to their renoting the motions three Fridays after the Court's order on Plaintiffs' motion for class certification.

The parties believe the Court has good cause to permit them to take expert depositions after the discovery cutoff. The two experts were retained to address Plaintiffs' rents damages theory, but the Court still needs to rule on whether Plaintiffs will be permitted to pursue that damages theory given the arguments to the contrary. Thus, taking and defending the depositions at this time could mean the parties incur unnecessary costs. The parties ask that the Court permit these depositions to go forward after the discovery cutoff in the event that the Court rules that Plaintiffs may pursue the rents damages theory.

Respectfully submitted this 1st day of November, 2017.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.


By: */s/ Clay M. Gatens*
Clay M. Gatens, WSBA No. 34102
Sally F. White, WSBA No. 49457
Devon A. Gray, WSBA No. 51485
Jeffers, Danielson, Sonn & Aylward, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA 98807-1688
509-662-3685

STIPULATED MOTION FOR LIMITED
MODIFICATION OF THE SCHEDULING ORDER - 2
2:16-cv-920 MJP

ClayG@jdsalaw.com
SallyW@jdsalaw.com
DevonG@jdsalaw.com
Attorneys for Plaintiffs

Respectfully submitted this 1st day of November, 2017.

DAUDT LAW PLLC

By: */s/ Michael D. Daudt*
Mr. Michael D. Daudt, WSBA # 25690
Associated Counsel for Plaintiff
Daudt Law PLLC
2200 Sixth Avenue, Suite 1250
Seattle, WA 98121-1820
(206) 445-7733
mike@daudtlaw.com

Respectfully submitted this 1st day of November, 2017.

LEE SMART, P.S., INC.

By:/s/ *Pamela J. DeVet*
Pamela J. DeVet, WSBA No. 32882
Kellan W. Byrne, WSBA No. 49825
Of Attorneys for Defendant
Safeguard Properties Management, LLC
Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
206-624-7990
pjd@leesmart.com
kwb@leesmart.com

STIPULATED MOTION FOR LIMITED
MODIFICATION OF THE SCHEDULING ORDER - 3
2:16-cv-920 MJP

### III. ORDER OF THE COURT

It is so ordered.

Dated this _3rd__ day of ____November____, 2017.

_____
Marsha J. Pechman
United States District Judge

STIPULATED MOTION FOR LIMITED
MODIFICATION OF THE SCHEDULING ORDER - 4
2:16-cv-920 MJP

**CERTIFICATE OF SERVICE**

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Mr. Clay Gatens
Mr. H. Lee Lewis
Ms. Devon A. Gray
Jeffers, Danielson, Sonn & Aylward, P.S.
2600 Chester Kimm Road
Wenatchee, WA 98801-811
clayg@jdsalaw.com
leel@jdsalaw.com
DevonG@jdsalaw.com

Mr. Michael D. Daudt
DAUDT LAW PLLC
2200 Sixth Avenue, Suite 1250
Seattle, Washington 98121
mike@daudtlaw.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge.

DATED this 1st day of November, 2017 at Seattle, Washington.

LEE SMART, P.S., INC.

By:/s *Pamela J. DeVet*
Pamela J. DeVet, WSBA No. 32882
Of Attorneys for Defendant
Safeguard Properties Management, LLC
Lee Smart, P.S., Inc.
701 Pike Street, Suite 1800
Seattle, WA 98101
206-624-7990
pjd@leesmart.com

STIPULATED MOTION FOR LIMITED
MODIFICATION OF THE SCHEDULING ORDER - 5
2:16-cv-920 MJP