UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN R. BUND II, et al., | CASE NO. C16-920 MJP |
| Plaintiff, | ORDER ON MOTION FOR SUMMARY JUDGMENT DISMISSAL OF CLAIMS BY HANOUSEK PLAINTIFFS |
| v. | |
| SAFEGUARD PROPERTIES LLC, | |
| Defendant. | |

The above-entitled Court, having received and reviewed:

1. Defendant's Motion for Summary Judgment Dismissal of Claims by Plaintiffs Hanousek (Dkt. No. 119), Plaintiffs' Opposition to Defendant's Motion for Summary Judgment Dismissal of Claims by Plaintiffs Hanousek (Dkt. No. 133), Defendant's Reply in Support of Motion for Summary Judgment (Dkt. No. 135); and

2. Defendant's Supplement to Motion for Summary Judgment on Hanouseks' Claims (Dkt. No. 196), Plaintiffs' Response to Defendant's Supplement to Motion for Summary Judgment on Hanouseks' Claims (Dkt. No. 199), Defendant's

Supplemental Reply Brief in Support of Motion for Summary Judgment on Hanouseks' Claims (Dkt. No. 201); all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is GRANTED and the claims of the Hanousek plaintiffs are DISMISSED with prejudice.

**Background**

This motion is related to the above-entitled putative class action. Mandy and Garrett Hanousek ("the Hanouseks") are named plaintiffs in the lawsuit. Defendant seeks summary judgment of dismissal regarding all the Hanouseks' claims. The following facts not disputed:

| | |
|---|---|
| **November 1, 2007** | The Hanouseks took ownership of their home (the mortgage on which was held by non-party Nationstar). |
| **September 2012** | After defaulting on their loan, Hanouseks moved elsewhere. |
| **July 2, 2013** | Nationstar hired Assurant Field Services for "property preservation and inspection services."[1] Assurant hired a vendor who changed the locks on the Hanouseks' home. Photographs of the interior of the home show two barstools belonging to the Hanouseks still in the home that day. |
| **July 10, 2013** | A gas-cut vendor hired by Assurant took photographs of the exterior which show that the Hanouseks' grill was still on the back patio that day. |
| **July 19, 2013** | The Hanouseks returned to the home and discovered that the two barstools and the grill were missing. They also discovered a sticker on the exterior of a window beside their front door. The sticker read: |
| | *We found this property to be vacated/abandoned. This information will be reported to the mortgage holder. The mortgage holder has the right and duty to protect this property.* **The property may be rekeyed and/or winterized within three days.** *If this property is NOT VACANT, please call Safeguard Properties at 877-340-8482.* (Dkt. No. 52-1, p. 2; emphasis supplied.) |
| **February 2015** | Nationstar foreclosed on the property. |

---

[1] Plaintiffs claim to lack evidence of this, but Safeguard provides declarations from representatives of Nationstar and Assurant (Dkt. Nos. 116 and 118) to this effect, and the Hanouseks do not dispute the evidence Defendant provides.

| | | |
|---|---|---|
| 1 | **February 23, 2015** | Ownership of the property was transferred from the Hanouseks to Fannie Mae. |
| 2 | | |
| 3 | **May 8, 2015** | Safeguard's records reflect the receipt of the first order for services involving entry onto the property. (Dkt. No. 50-1, Ex. 2.) |

The Hanouseks have alleged claims against Safeguard for trespass (common law and statutory), violations of the Consumer Protection Act, and conversion.

## Discussion

The legal standard governing the granting of summary judgments is well known. Summary judgment is appropriate where the non-moving party lacks competent evidence to establish a *prima facie* case. Ceotex v. Catrett, 477 U.S. 317, 322 (1986). The moving party meets its burden by showing that the non-moving party lacks the requisite evidence; once that showing is made, the burden shifts to the non-moving party to rebut the movant's proof. Id. at 325. Summary judgment is warranted where the non-moving party fails to demonstrate the existence of an element essential to the case on which that party bears the burden of proof. Id. at 322-23.

In demonstrating that these plaintiffs have no other evidence than the presence of the above-noted sticker on their window, Safeguard has met its initial summary judgment burden of demonstrating that the Hanouseks lack the requisite evidence to support their claims of trespass and conversion. The burden shifts to the Hanouseks to rebut Defendant's proof. Celotex v. Catrett, 477 U.S. 317, 322 (1986). That rebuttal must contain more than conclusory allegations or speculations. T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Assoc'n, 809 F.2d 626, 630-32 (9th Cir. 1987).

> The mere existence of a scintilla of evidence… will be insufficient; there must be evidence on which the jury could *reasonably* find for the [non-moving party].

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)(emphasis supplied).

The Hanouseks acknowledge that the only evidence supporting their claims that Safeguard entered their property in July 2013 and took their possessions is the sticker they found on their window. (Dkt. No. 102, Depo. of M. Hanousek, 14:16-15:3, 29:9-12; Dkt. No. 101, Depo. of G. Hanousek, 10:13-19, 11:4-6, 31:13-19.)[2]

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact" and the "movant is entitled to judgment as a matter of law." FRCP 56(a). The undisputed facts are

- Assurant was hired by Nationstar in 2013 to provide foreclosure "services;"
- Assurant dispatched its vendors to the property in July of 2013;
- The missing barstools were still on the property on July 2, 2013 and the missing grill was still on the property on July 10, 2013;
- A sticker of the kind used by vendors hired by Safeguard was found on the Hanouseks' door on July 19, 2013; and
- There is no evidence that Safeguard was hired to provide foreclosure services prior to 2015.

The Hanouseks cite as "disputed material facts"

- Whether agents of Safeguard entered onto their property in July 2013
- How Safeguard's sticker got on their window
- Who took their property and how that person or persons gained access to their home.

The Hanouseks argue that these are disputed material facts which defeat summary judgment, but their speculation that it was Safeguard's agents who entered onto their property, placed the sticker on their window and took their possessions in July of 2013 – and Safeguard's denial of those speculations – does not transform that speculation into disputed issues of material fact. The Hanouseks' "disputed material facts" are merely questions for which no one – not the

---

[2] Even if the sticker somehow constituted proof that Safeguard (or an agent of Safeguard) had been on the property in July 2013, it still would not be evidence – based on the language of the sticker that the property "*may* be rekeyed and/or winterized" – that Safeguard had been inside the home.

Hanouseks, Safeguard, or the Court – has an answer at this point. That does not make them "disputed."

In the face of Safeguard's motion claiming that the Hanouseks do not have sufficient evidence to establish their claims, these Plaintiffs are required to come forward with evidence sufficient for a jury to "<u>reasonably</u> find" in their favor. If this went to trial, and the Hanouseks put on the evidence that they had found the Safeguard sticker on their window (and <u>nothing</u> more), rested, and a jury found in their favor, the Court would be completely within its authority to grant a judgment notwithstanding the verdict in Safeguard's favor. It would be, in fact, <u>un</u>reasonable to conclude, on the basis on the sticker alone – and in the face of Safeguard's proof that they were not hired to do work on the property until nearly two years after the Hanouseks' possessions went missing -- that Safeguard was responsible for the loss. From that failure of proof, all of the Hanouseks' claims fail.

**Supplemental briefing**

The Court gave Defendant additional time to file supplemental briefing on this motion, relying on its representation that it had discovered "additional evidence" upon which to assert its right to dismissal of the Hanouseks on summary judgment. Their "additional evidence" turned out to be further testimony from Nationstar that the company hired Assurant for pre-foreclosure services on the Hanouseks' property, and that its records show that Assurant changed the lock on the Hanouseks' house.

The Court agrees with Plaintiffs that Safeguard's additional evidence is duplicative and insubstantial and that Defendant has basically used the opportunity to re-argue its original summary judgment theories. However, this does nothing to change the basic summary judgment equation which is fatal to the Hanouseks' claims – even viewing the evidence in the light most

favorable to the Hanouseks, it would not be reasonable to base liability on evidence this meager. Safeguard is still entitled to summary judgment dismissing the Hanouseks' claim, and the Court will so order.

**Conclusion**

Defendant has met its burden on summary judgment of demonstrating the Hanousek plaintiffs lack the requisite evidence to support their claims of trespass and conversion. The burden shifts to the Hanouseks, who have been unable to satisfy rebut Defendant's proof with either further evidence of their claims or a demonstration of material disputed facts sufficient to warrant denial of the motion.

On that basis, the Court will GRANT Defendant's motion and DISMISS the claims of the Hanouseks with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated: January 12, 2018.

Marsha J. Pechman
United States District Judge