The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. BUND II, personally, as Executor of the Estate of Richard C. Bund, deceased, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAFEGUARD PROPERTIES, LLC, a Delaware corporation<br><br>Defendant. | NO. 2:16-cv-00920-MJP<br><br>STIPULATED MOTION TO FILE FOURTH AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR:<br>March 21, 2018 |

## I. STIPULATION

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and LCR 15, Defendant consents to Plaintiff amending his Third Amended Complaint, Dkt. # 82, in substantially the form of the attached redlined document. By providing consent, Defendant does not agree that Plaintiff's proposed additional claims have merit or that Plaintiff's proposed additional class representatives and additional claims satisfy the requirement of Federal Rule of Civil Procedure 23.

Although Defendant does not adopt Plaintiffs' position on Local Rule and Federal Rule of Civil Procedure 16, set forth in Part II, below, Defendant does not oppose Plaintiffs' request for modification of the deadline to amend pleadings.

## II. PLAINTIFFS' STATEMENT ON RELIEF FROM DEADLINE

Defendant does not join in Part II.

On February 16, 2018, this Court issued its Order Setting Trial Date and Related Dates. Dkt. # 220. The order does not provide a deadline for amending pleadings or joining parties. *Id.* Although issued long before the recent factual and legal developments in this case, and although it has been largely superseded by Dkt. # 220, this Court's September 6, 2017 scheduling order appears to remain partially in effect, and provides the operative deadline. Dkt. # 142 (setting October 16, 2017 as the deadline to join additional parties and file amended pleadings). Plaintiff seeks to amend his complaint after the October 2017 deadline. Dkt. # 142. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified only with the Judge's consent and for "good cause."

The parties therefore jointly request the Court find good cause to modify Dkt. # 142 and grant Plaintiff leave to amend his Third Amended Complaint in order to (1) remove the conversion claim in light of this Court's Order on Motion to Certify (Dkt. # 204) and consistent with the stipulated motion to dismiss John Bund's conversion claim (Dkt. ## 212, 218); (2) remove allegations relating to Mandy and Garett Hanousek, consistent with this Court's order granting Safeguard's Motion for Summary Judgment Dismissal (Dkt. # 203); (3) remove allegations relating to Crystal Haynes, in light of this Court's Order on Motion to Certify (Dkt. # 204) and consistent with the stipulated motion to dismiss Crystal Haynes claims without prejudice (Dkt. ## 211, 217); (4) revise and include allegations pertaining to two additional negligence claims in light of discovery recently conducted by the parties; and (5) join two new representative plaintiffs only recently identified by Plaintiff's counsel.

There is good cause to modify this Court's scheduling order (Dkt. # 142). At the outset, the parties note that trial in this matter was recently reset for more than fourteen months after this stipulation is filed. Dkt. # 220. Discovery remains ongoing and the deadline to complete discovery is January 11, 2019. *Id.* The deadline to file final dispositive motions is soon after:

January 22, 2019. *Id.* In short, the parties have more than ten months—ample time to address this amendment via discovery and/or dispositive briefing. Safeguard will suffer no undue prejudice from this amendment.

Class members, on the other hand, may suffer prejudice if this amendment is denied. The Court has ordered the parties to file briefing addressing John Bund's standing in light of his status as an absent class member of the class certified in *Jordan v. Nationstar Mortgage,* No. 2:14-CV-0175-TOR. *See* Dkt. # 221. The new representative plaintiffs identified in Plaintiff's proposed Fourth Amended Complaint are not members of the *Jordan* class or any similar certified class. Good cause exists to join these new representative plaintiffs to avoid any possible prejudice to certified class members' claims if Mr. Bund—the current sole representative of the class—is dismissed as a class representative.

And finally, the Rule 16(b)(4) "'good cause standard' primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff has demonstrated more than adequate diligence. And his proposed amendment addresses recent factual and legal developments in this case by (1) removing allegations and parties that this Court dismissed and/or declined to certify in recent rulings, and (2) adding claims and parties recently discovered as a result of formal discovery.

In its recent Order on Certification, this Court declined to certify Plaintiff's conversion sub-class. Plaintiff believes that this Court's Order also suggests that Safeguard's vendors are agents rather than independent contractors. Plaintiff therefore believes that, when combined with this Court's order, Safeguard's representation that it never orders its vendors to remove personal property from homes prior to the completion of foreclosure, as well as information and documents Safeguard produced in formal discovery on February 27, 2018, March 13, 2018, and in its 30(b)(6) deposition on March 8, 2018, support additional claims for negligent trespass and negligent supervision. Plaintiff very recently learned of Scott and Noel James, who have only recently agreed to serve as class representatives in this case, and representatives of the

proposed negligence claims. *Cf Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (suggesting it would be abuse of discretion to deny motion to amend based on new facts).

What is more, Plaintiff's counsel has only quite recently had the opportunity to review the veracity of Scott's and Noel's potential claims against Safeguard. Pursuant to the Court's order, Dkt. # 216, p. 2, Plaintiff requested Scott's and Noel's property file on March 2, 2018, and Safeguard produced it on March 13, 2018—long after the October 16, 2017 operative deadline to amend. Stated otherwise, the scheduling order deadline could not "reasonably [have been] met despite the diligence of the party seeking the extension." *Zikovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Further, Plaintiff's counsel reviewed the produced records the next day, verified Scott's and Noel's claims, then drafted and provided this stipulation and proposed amendment for Safeguard's review on March 15, 2018.

Plaintiff has made every effort to diligently seek this amendment. And there is no evidence of undue delay, bad faith, dilatory motive, or prejudice to Safeguard. There is thus good cause to amend Dkt. # 142 and grant Plaintiff leave to amend.

Respectfully submitted this 21st day of March, 2018.

        JEFFERS, DANIELSON, SONN & AYLWARD, P.S.

        s/ CLAY M. GATENS
        Clay M. Gatens, WSBA No. 34102
        Devon A. Gray, WSBA No. 51485
        JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
        2600 Chester Kimm Road
        P.O. Box 1688
        Wenatchee, WA  98807-1688
        Telephone:  509-662-3685
        Fax:  509-662-2452
        Email: clayg@jdsalaw.com
        Email: devong@jdsalaw.com

Respectfully submitted this 21st day of March, 2018.

        Michael D. Daudt, WSBA #25690
        DAUDT LAW PLLC
        2200 Sixth Avenue, Suite 1250
        Seattle, Washington 98121
        Telephone: (206) 445-7733
        Facsimile: (206) 445-7399
        Email: mike@daudtlaw.com

Respectfully submitted this 21st day of March, 2018.

        Beth E. Terrell, WSBA #26759
        Blythe H. Chandler, WSBA #43387
        TERRELL, MARSHALL LAW GROUP PLLC
        Attorneys for Plaintiffs
        936 North 34th Street, Suite 300
        Seattle, Washington 98103
        Telephone: (206) 816-6603
        Facsimile: (206) 319-5450
        Email: bterrell@terrellmarshall.com
        Email: bchandler@terrellmarshall.com

        Attorneys for Plaintiff

Respectfully submitted this 21st day of March, 2018.

        LEE SMART, P.S., INC.


        s/PAMELA J. DEVET
        Pamela J. DeVet, WSBA No. 32882
        Kellan W. Byrne, WSBA No. 49825
        701 Pike Street, Suite 1800
        Seattle, WA 98101
        Telephone: 206-624-7990
        Email: pjd@leesmart.com
        Email: kwb@leesmart.com

        Attorneys for Defendant Safeguard Properties
        Management, LLC

III. ORDER OF THE COURT

It is so ordered.

Dated this _23rd_ day of _March_, 2018.

*[signature]*

Marsha J. Pechman
United States District Judge

# CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        PAMELA J. DEVET       pjd@leesmart.com
        KELLAN W. BYRNE     kwb@leesmart.com

DATED at Wenatchee, Washington this 21st of March, 2018.

By: s/CLAY M. GATENS
Clay M. Gatens, WSBA No. 34102
JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
2600 Chester Kimm Road
P.O. Box 1688
Wenatchee, WA 98807-1688
Telephone: 509-662-3685
Fax: 509-662-2452
Email: ClayG@jdsalaw.com
Attorneys for Plaintiffs