```
 1
 2
 3
 4
 5
 6
 7
 8                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
 9                                   AT SEATTLE
```

| | |
|---|---|
| JOHN R. BUND II, et al.,<br><br>                 Plaintiffs,<br><br>    v.<br><br>SAFEGUARD PROPERTIES LLC,<br><br>                 Defendant. | CASE NO. C16-920 MJP<br><br>ORDER SETTING TRIAL DATE<br>AND OTHER CASE DEADLINES |

Having reviewed the Parties' Proposed Joint Scheduling Order (Dkt. No, 363) and held a status conference with the Parties regarding the same, the Court hereby sets the following deadlines:

| **JURY TRIAL DATE** | |
|---|---|
| Completion of discovery as to the James Plaintiffs | December 18, 2020 |
| Defendant's Motion for Summary Judgment and determination as to whether the James Plaintiffs can meet the typicality and adequacy requirements of FRCP 23(a)(3) and (a)(4) filed by and noted on the motion calendar on the fourth Friday thereafter (See CR7(d) | January 29, 2021 |

| **If the Court denies Summary Judgment, but find that Plaintiffs cannot meet Rule 23(a)(3) and (a)(4), the following dates shall apply:** | |
|---|---|
| All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference. | April 21, 2021 |
| Agreed pretrial order due | May 7, 2021 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions | May 7, 2021 |
| Pretrial conference | May 13, 2021 at 1:30 PM |
| Length of Jury Trial | 4 Days |
| JURY TRIAL DATE | May 24, 2021 |
| **If the Court denies Summary Judgment and determines the James Plaintiffs can meet Rule 23(a)(3) and (a)(4), the following dates shall apply** | |
| Class-related discovery to completed by | July 9, 2021 |
| Reports from expert witnesses under FRCP 26(a)(2) due | Plaintiffs' reports due: August 6, 2021<br>Defendant's reports due: September 3, 2021 |
| Completion of expert depositions by | November 5, 2021 |
| All motions related to class discovery and expert discovery (including Daubert challenges) must be filed and noted on the motion calendar on the third Friday thereafter (See CR7(d)) | December 3, 2021 |
| Motion for class certification must be filed and noted on the motion calendar on the fourth Friday thereafter (CR7(d)) | December 3, 2021 |
| All dispositive motions must be filed by and noted on the motion calendar on the fourth Friday thereafter (See CR7(d))<br><br>**Counsel are reminded of the requirement to provide courtesy copies of any motions with exhibits or other attachments exceeding 50 pages. Compliance with this requirement will facilitate timely consideration of your motion.** | February 4, 2022 |
| All motions in limine must be filed by and noted on the motion calendar no earlier than the third Friday thereafter and no later than the Friday before the pretrial conference. | April 13, 2022 |
| Agreed pretrial order due | May 2, 2022 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions | May 2, 2022 |

| Pretrial conference | May 5, 2022 at 1:30 PM |
|---|---|
| Length of Jury Trial | 10 Day Trial |
| Jury Trial Date | May 16, 2022 |

These dates are set at the direction of the Court after reviewing the joint status report and discovery plan submitted by the parties. All other dates are specified in the Local Civil Rules. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause. If the trial date assigned to this matter creates an irreconcilable conflict, counsel must notify the Deputy Clerk, Grant Cogswell, in writing within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but it should be understood that the trial may have to await the completion of other cases.

### COOPERATION:

As required by CR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are further directed to cooperate in preparing the final pretrial order in the format required by CR 16.1, except as ordered below.

### EXHIBITS:

The original and one copy of the trial exhibits are to be delivered to chambers four days before the trial date. Each exhibit shall be clearly marked. Exhibit tags are available in the Clerk's Office. The Court hereby alters the CR 16.1 procedure for numbering exhibits: plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next number series not used by plaintiff.

1  Duplicate documents shall not be listed twice: once a party has identified an exhibit in the
2  pretrial order, any party may use it. Each set of exhibits shall be submitted in individual file
3  folders with appropriately numbered tabs.

4  **SETTLEMENT:**

5  Should this case settle, counsel shall notify Grant Cogswell as soon as possible at
6  206−370−8518. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt
7  notice of settlement may be subject to such discipline as the Court deems appropriate.

8  The clerk is ordered to provide copies of this order to all counsel.

9  Dated November 4, 2020.

Marsha J. Pechman
United States District Judge