# EXHIBIT 37

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN R. BUND II, personally, as Executor of the Estate of Richard C. Bund, deceased, S. SCOTT JAMES and NOEL L. JAMES, a married couple, and on behalf of others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>SAFEGUARD PROPERTIES, LLC, a Delaware corporation<br><br>  Defendant. | NO. 2:16-cv-00920-MJP<br><br>PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES |

TO:  DEFENDANT SAFEGUARD PROPERTIES, LLC, AND ITS ATTORNEYS OF

  RECORD

  Plaintiffs S. Scott James and Noel L. James ("Plaintiff" or "James") hereby submit the following Answers to Defendant Safeguard Properties, LLC ("Defendant") First Set of Interrogatories.

**PRELIMINARY STATEMENT**

  The following responses and/or objections ("the Responses") are based upon the facts and information presently known and available to Plaintiffs S. Scott James and Noel L. James only. Plaintiffs' discovery and investigation are still ongoing and may disclose the existence

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES (2:16-CV-00920-MJP) Page 1
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

of additional facts, add meaning to known facts, or lead to additions, variations, or changes to these Responses.  The Responses herein are based only upon Plaintiffs' actual knowledge as of the date of the Responses and are given without prejudice to Plaintiffs' right to produce any additional information or evidence.  Without being obligated to do so, Plaintiffs reserve the right to change or supplement these Responses as additional facts are discovered or otherwise ascertained.

Plaintiffs make no incidental or implied admissions by these Responses.  Accordingly, unless expressly stated, Defendant shall not construe Plaintiffs' responses or objections to any request as Plaintiffs' admission that he accepts or admits the existence of any facts assumed by the request, and Defendant shall not construe Plaintiffs' responses or objections as admissible evidence of any such assumed facts.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Plaintiffs object to the instruction to provide information in the possession of their "attorneys, agents, investigators, experts, employees, insurers, and representatives." This instruction is overly broad and would require Plaintiffs to respond with attorney and expert work product. Plaintiffs will respond with information known to them personally.

2. Plaintiffs object to the definition of "plaintiff," "you," and "your" because it includes "any of his or her or their agents, counsel, associates, accountants, servants, assignees, heirs, personal representatives, employees, and all other persons or entities acting or purporting to act on behalf or in concert with them, or under their control, whether directly or indirectly." This definition is overly broad and would require Plaintiffs to respond with attorney and expert work product. Plaintiffs will interpret "you" and "your" to mean Plaintiffs S. Scott James and Noel L. James, and not their "agents, counsel, associates, accountants, servants, assignees, heirs, personal representatives, employees, and all other persons or entities acting or purporting to act on behalf or in concert with them, or under their control."

3. Plaintiffs object to the definition of "document(s)" because it includes

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 2
43A3409

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

documents in the possession, custody, or control of "Your representatives, officers, employees, or agents, or that You know to exist." This definition is overly broad and would require Plaintiffs to respond with attorney and expert work product. Plaintiffs will respond with information in their possession, custody, or control.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify any communication, whether written or oral, in which You, or any of Your agents discussed any matter with Safeguard or its Contractors, identifying with whom You communicated, the dates of the communications, the subject matter of the communication, and the identities of anyone else present to witness the communications.

**RESPONSE TO INTERROGATORY NO. 1:** Objection. This Interrogatory requests information already known, possessed by, or equally available to Defendant. Plaintiffs object that this Interrogatory is overly broad and unduly burdensome because it asks Plaintiffs to identify every single communication received from Safeguard or its Contractors and the identity of anyone present to witness the communication. Plaintiffs further object to this Interrogatory to the extent it requires them draw a legal conclusion about the identity of Safeguard's representatives, independent contracts, or agents. Plaintiffs finally object that this interrogatory is needlessly cumulative and duplicative: Plaintiffs have already identified persons likely to have discoverable information relevant to their claims in Plaintiffs' Initial Disclosures.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: We do not recall having any communications with Safeguard or any person that was, to our knowledge, acting as Safeguard's "Contractor." Because Safeguard changed the locks on our property, we assumed we no longer had any right to possess or enter our home or possess any personal property remaining at our home. Because we thought we no longer had a right to our

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET
OF INTERROGATORIES TO PLAINTIFFS S. SCOTT
JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 3
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

home, we left after discovering the lock change and never again tried to access our home.

Plaintiffs understand their rights and obligations to supplement this Response.

**INTERROGATORY NO. 2:**

Please identify any communication, whether written or oral, in which You discussed any matter related to the Property or financing for the Property with any lender (*See, e.g.*, James Decl. ¶ 2), contract counterparty to a deed of trust or mortgage relating to the Property to which You were a party, including each of the "many discussions" (James Decl. ¶ 2) You had with your lender in advance of Your decision to move from the Property (James Decl. ¶¶ 2-4); please state with whom You communicated, the dates of the communications, how the communication was conducted (*i.e.*, in person, via telephone, via e-mail, via instant message, etc.), the subject matter of the communication, and the identities of anyone else present to witness the communications.

**RESPONSE TO INTERROGATORY NO. 2:** Objection. This Interrogatory is overly broad and unduly burdensome because it asks Plaintiffs to identify every single communication related in any way to the Property with any lender or contract counterparty to a deed of trust or mortgage relating to the Property and contains no limitation by subject matter or time. Plaintiffs further object that this Interrogatory seeks information that is not relevant to the claims or defenses in this action and is not proportional to the needs of this litigation because it seeks information unrelated to the trespass and/or the unfair and deceptive conduct at issue. Plaintiffs object that this Interrogatory is needlessly cumulative and duplicative: Plaintiffs have already identified persons likely to have discoverable information relevant to their claims in Plaintiffs' Initial Disclosures. This Interrogatory is also vague and nonsensical: it is not clear what Defendant is requesting when it asks for communications "with any lender, contract counterparty to any deed of trust or mortgage relating to the Property to which you were a

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET
OF INTERROGATORIES TO PLAINTIFFS S. SCOTT
JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 4
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

party." Finally, Plaintiffs object to the extent the above-quoted language requests they provide a legal conclusion as to what entit(ies) or individual(s) were "counterparties" to any deed of trust or mortgage relating to the Property.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: We spoke with Bank of America a number of times by phone and by mail over the course of multiple years. Over time, our loan was transferred to multiple entities that appear to be related to or controlled by Bank of America. Ultimately, I believe the servicing of our loan was transferred to Bayview. We spoke with Bayview after that transfer. Please see Plaintiffs' Third Supplemental Initial Disclosures. Please also see documents bates stamped BUN 000587–619, 627, 639–680, 682–694, 696–698, 699–710, 712–737, 739–759, 794–797, 799–1103, 1106–1155, 1157–1174, 1176–1195, 1197–1244, 1246–1343, 1345–1516, 1518–1610, 1612–1738, 1885-1912, 1919–1933, 1994–1997, 1999–2002.

Plaintiffs understand their rights and obligations to supplement this Response.

**INTERROGATORY NO. 3:**

Describe Your move from the Property (James Decl. ¶¶ 2–4), including the date on which You began activities to move out of the Property, the date on which You believe Your move from the Property was completed, the address of Your subsequent residence, what steps were conducted in the making the move (*i.e.*, self-moved or with the assistance of hired vendors), and the names and ages of individuals who moved from the Property with You and the date on which each of those individuals moved.

**RESPONSE TO INTERROGATORY NO. 3:** Objection. This interrogatory seeks information that is not relevant to the claims or defenses in this matter and are not proportional to the needs of this case insofar as it seeks information unrelated to the trespass and/or the unfair and deceptive conduct at issue and invades Plaintiffs' right to privacy. Plaintiffs further object

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES (2:16-CV-00920-MJP) Page 5
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

to this Interrogatory to the extent that Defendant attempts to conflate Plaintiffs' move from the Property with its contention that the Property was abandoned.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: We do not remember the exact dates that we began moving some of our personal belongings out of the home. We remember that we started moving some of our things from the Property to another location in or about the middle of May, 2015. We were able to move a large portion of our belongings from the Property in a week or less. At that time, we changed our primary residence from the Property to 3947 NE Vista Del Ray in East Wenatchee, Washington 98802. We lived in that property with our dog and three kids, two of which were still school-aged, and one of which returned for the summer from college. We did not hire a moving service, and instead moved our belongings ourselves with the help of our children and Noel's parents. We picked this time to move the majority of our belongings because we had found an affordable rental home that allowed dogs (which is very difficult given the market in this area) and because Noel's parents were free to help with the move.

After moving the majority of our belongings, we returned to the home multiple times a week over the next few weeks to (among other things) move additional belongings, such as bed frames, crafts, tools, kitchen things, camping things, and archery things. We were still storing belongings in the garage when Safeguard changed our locks. We were never able to move all of our belongings (and never "completed" our move) because Safeguard came and changed our locks. After that, we believed we had no right to be on our own property.

Plaintiffs understand their right and obligation to supplement this Response.

**INTERROGATORY NO. 4:**

Please identify and describe all visits by You to the Property after You moved out (James Decl. ¶¶ 2–4), specifying in detail Your entire visit to the Property, the date of the visit,

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 6
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

who visited the Property, the purpose of such visit, the actions taken at the Property, any photographs taken on such visit, and any property removed at such time, including the following visits: each visit in which Your son continued to visit the house to care for it and conduct some repairs (James Decl. ¶ 4); the date You allege the locks on the house were changed, and the date when You allege You last successfully entered the house on the Property.  Please also state Your son's full name and current address.

**RESPONSE TO INTERROGATORY NO. 4:** Objection. Plaintiffs object to this Interrogatory to the extent it requests information already known, possessed by, or equally available to Defendant. Plaintiffs object that this Interrogatory seeks information that is not relevant to the claims or defenses in this matter and are not proportional to the needs of this case insofar as it seeks information unrelated to the trespass and/or the unfair and deceptive conduct at issue. Plaintiffs object that this Interrogatory is overly broad and unduly burdensome because it asks Plaintiffs to identify every visit to the Property in detail, including every action taken at the Property and each person who visited the Property. Plaintiffs further object to this Interrogatory to the extent that Defendant attempts to conflate Plaintiffs' move from the Property with its contention that the Property was abandoned.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Please see Response to Interrogatory Number 3. Plaintiffs do not recall the specific dates and details of each and every visit they made to their Property. Further, they never "completed" moving out of the property because Safeguard changed their locks. As discussed in Plaintiffs' Response to Interrogatory Number 4, Plaintiffs accessed the Property often to store and move personal belongings such as bed frames, crafts, tools, kitchen things, camping things, and archery things. Plaintiffs' Son, Colton Wayne Ahyers began working on the Property just after he returned from school for the summer in early June. He visited the Property often to conduct these repairs. In fact, we believe it was Colton that first discovered that the saw was gone from our Property. He told us the saw was missing, and we visited the Property the next day to

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES (2:16-CV-00920-MJP) Page 7
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

discover that the locks had been changed.

Plaintiffs understand their right and obligation to supplement this Response.

**INTERROGATORY NO. 5:**

Please describe the basis for Your assertion that You had not vacated or abandoned the Property, including a description of the identity of all personal property that remained in the house and personal property that was moved from the Property in connection with and after Your move (James Decl. ¶¶ 2–4), and state the names, contact information, date, and a description of any conversations you had with Bank of America, Safeguard, Your neighbors, insurers, and credit reporting agencies in which You advised that the Property would have a change in occupancy status, including that the property would be left temporarily vacant, be left vacant during a specified time period, that You had an intent to return to such property, or that You had returned to such property.

**RESPONSE TO INTERROGATORY NO. 5:**   Objection. This Interrogatory is overly broad and unduly burdensome because it asks Plaintiffs to identify every single conversation Plaintiffs ever had with Bank of America, Safeguard, Plaintiffs' neighbors, insurers, and credit reporting agencies in which Plaintiffs advised that the Property would have a change in occupancy status, without any limitation in time. Plaintiffs object to this interrogatory because it seeks information that is not relevant to the claims or defenses in this action and is not proportional to the needs of this litigation. Plaintiffs also object to this Interrogatory as vague and ambiguous: "occupancy status" is not a defined term and could mean anything ranging from permanent abandonment to leaving the home unoccupied while Plaintiffs were at work. Plaintiffs likewise object to this Interrogatory on the grounds that it requires them to provide a legal conclusion as to what facts constitute a "change in occupancy

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 8
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

status." Plaintiffs finally object to this Interrogatory to the extent that it attempts to conflate the terms "vacated" and "abandoned."

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Please see Responses to Interrogatory Numbers 3 and 4. We never intended to permanently "vacate" or "abandon" our Property. Consistent with Washington law, we were entitled to exclusively possess our property until the completion of foreclosure. Indeed, ==even after transferring our primary residence from a Property to a rental property, we continued to work on the Property to maintain (and hopefully increase) its value.== We were also in near-constant communication with Bank of America for years in the hopes of saving our home.

At or around the time that we decided to move our primary residence into the rental property, we spoke with our neighbors across the street regarding our predicament. We told them generally what was going on and asked them to keep an eye on the Property in our absence. Their names were Dee and Bruce. We cannot remember their last names.

Plaintiffs understand their right and obligation to supplement this Response.

**INTERROGATORY NO. 6:**

Please describe the Property, including all entrances and doors to the Property, including the number of doors on the Property, the type of doors on the Property, what types of locks were used on the doors, whether the locks were ever changed, by whom the locks or doors were changed, the number of doors on which locks were changed; where the lockbox(es) on the property were located, and when You discovered the lockbox(es).

**RESPONSE TO INTERROGATORY NO. 6:** Objection. Plaintiffs object to this Interrogatory to the extent it requests information already known, possessed by, or equally available to Defendant. Plaintiffs object to this Interrogatory to the extent it requests information possessed by third parties. Plaintiffs object that this Interrogatory seeks information

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 9
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

that is not relevant to the claims or defenses in this matter and are not proportional to the needs of this case insofar as it seeks information related to every lock change ever made at the Property, with no limitation by time. Plaintiffs also object that this Interrogatory is overly broad and unduly burdensome because seeks information related to every lock change ever made at the Property, without limitation.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: The Property had three doors: a front door, a back door, and a door that was used to access the carport. The front door was an antique door with a glass knob on the inside and a metal knob on the outside. The other two doors were standard with standard knobs and locks. We believe each of these doors had dead locks.

We do not remember the exact date upon which we discovered that the locks had been changed. One of us arrived at the home and discovered the lock boxes, then called the other one. We no longer remember whether it was Scott or Noel that first discovered the lock change. However, we believe there were lock boxes around all three doors. We would not have dared to make any attempt to break in to the property to verify that the locks were changed. As discussed above, once we saw that Safeguard had changed our locks, we believed we no longer had any right to access the Property.

Plaintiffs understand their right and obligation to supplement this Response.

**INTERROGATORY NO. 7:**

Set forth with particularity the damages that You claim were incurred by You as a result of Safeguard's alleged acts and omissions, setting forth the amount of damages and the analysis used by You to compute the damages, including identification of any personal property that You claim was lost as a result of Safeguard's alleged conduct, including the year, make, brand, and model number of the chop saw, a reciprocating saw, and a printer (James Decl. ¶ 7).

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 10
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

**RESPONSE TO INTERROGATORY NO. 7:** Objection. This Interrogatory is unreasonably cumulative and duplicative: it requests information that Plaintiffs have already provided to Defendant in their Initial Disclosures. Plaintiffs object to this Interrogatory to the extent it requests information already known, possessed by, or equally available to Defendant. Plaintiffs also object to the extent this Interrogatory seeks information protected by the attorney work-product doctrine and/or the attorney-client privilege. Plaintiffs further object that this request is premature because Defendant and its vendors have not produced all documents relevant to determining the damages suffered by Plaintiffs and members of the certified class and because Plaintiff may rely on expert testimony to establish damages. Plaintiff will disclose information about any expert witness as required under Rule 26 in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Western District of Washington, the case schedule, and any other applicable order.

Subject to and without waiving the foregoing objection, Plaintiffs respond as follows: Please see Plaintiffs' Third Supplemental Initial Disclosures, Section C. Because Safeguard entered our home when we were not present, it is difficult to know the full extent of the damages we incurred and property we lost. Below we have listed the items we noted as missing:

- <u>10" Chop Saw</u>. We purchased this saw from Lowes about four years before it was stolen. We no longer have the receipt, but believe it cost about $170 when we purchased it. We believe it was a Kobalt brand saw.

- <u>Reciprocating saw</u>. We purchased this saw from Lowes about six years before it was stolen. We no longer have the receipt, but believe it cost between $70 and $80 when we purchased it. We believe it was a Ryobi brand saw.

- <u>Four-in-one Printer</u>. We purchased our printer from Costco about four or five years before it was stolen. It was a large HP Laser Jet 7380 All-in-One Printer that printed, scanned, faxed, and copied. We no longer have the receipt for this purchase.

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES (2:16-CV-00920-MJP) Page 11
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

Plaintiffs understand their right and obligation to supplement this Response.

**INTERROGATORY NO. 8:**

Describe the state of the current ownership of the Property, including whether You personally own the property—and if not, who does—how and when the current owner(s) took ownership, and which documents or circumstances support the ownership.

**RESPONSE TO INTERROGATORY NO. 8:** Objection. Plaintiffs object to this interrogatory to the extent it requests information already known, possessed by, or equally available to Defendant. The information requested is presumably available in the public record and thus just as accessible to Defendant as it is to Plaintiffs. Plaintiffs further object to this interrogatory to the extent it requests information possessed by third parties. Plaintiffs finally object that this interrogatory seeks information that is not relevant to the claims or defenses in this matter and are not proportional to the needs of this case insofar as it seeks information unrelated to the trespass and/or the unfair and deceptive conduct at issue.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: We no longer own the property and have no idea as to who currently owns the Property, when they took ownership, or how they took ownership.

Plaintiffs understand their right and obligation to supplement this Response.

//
//
//
//
//
//

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 12
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA 98807-1688

Pursuant to CR 26(g), I certify that I have reviewed these responses to Defendant's First Set of Interrogatories and that to the best of my knowledge, information, and belief formed after a reasonable inquiry, these responses are complete and correct as of the time they are made.

DATED this 13th day of August, 2018.

        s/CLAY M. GATENS
        Clay M. Gatens, WSBA No. 34102
        Devon A. Gray, WSBA No. 51485
        JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
        2600 Chester Kimm Road
        P.O. Box 1688
        Wenatchee, WA  98807-1688
        Telephone:  509-662-3685
        Fax:  509-662-2452
        Email: clayg@jdsalaw.com
        Email: devong@jdsalaw.com

        Michael D. Daudt, WSBA #25690
        DAUDT LAW PLLC
        2200 Sixth Avenue, Suite 1250
        Seattle, Washington 98121
        Telephone: (206) 445-7733
        Facsimile: (206) 445-7399
        Email: mike@daudtlaw.com

        Beth E. Terrell, WSBA #26759
        Blythe H. Chandler, WSBA #43387
        TERRELL, MARSHALL LAW GROUP PLLC
        Attorneys for Plaintiffs
        936 North 34th Street, Suite 300
        Seattle, Washington  98103
        Telephone:  (206) 816-6603
        Facsimile:  (206) 319-5450
        Email: bterrell@terrellmarshall.com
        Email: bchandler@terrellmarshall.com

        Attorneys for Plaintiff

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES (2:16-CV-00920-MJP) Page 13
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

# VERIFICATION

STATE OF WASHINGTON )
                    ) ss
COUNTY OF CHELAN    )

Noel L. James being first duly sworn on oath, depose and say:

I am a plaintiff in the above action, have read the foregoing Answers to Defendant's First Set of Requests for Interrogatories, know the contents thereof, and believe the same to be true and complete.

_____
Noel L. James

SUBSCRIBED AND SWORN TO before me this 13TH day of August, 2018.

_____
Notary Public in and for the State
of Washington, residing at Wenatchee, WA
My commission expires: 9-9-2020

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 14
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

STATE OF WASHINGTON )
                              ) ss
COUNTY OF CHELAN    )

S. Scott James being first duly sworn on oath, depose and say:

I am a plaintiff in the above action, have read the foregoing Answers to Defendant's First Set of Requests for Interrogatories, know the contents thereof, and believe the same to be true and complete.

_____
S. Scott James

SUBSCRIBED AND SWORN TO before me this 21 day of August, 2018.



_____
Notary Public in and for the State
of Washington, residing at Wenatchee WA
My commission expires: 9-9-20

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET
OF INTERROGATORIES TO PLAINTIFFS S. SCOTT
JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 15
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

**VERIFICATION**

STATE OF WASHINGTON )
                    ) ss
COUNTY OF CHELAN    )

S. Scott James being first duly sworn on oath, depose and say:

I am a plaintiff in the above action, have read the foregoing Answers to Defendant's First Set of Requests for Interrogatories, know the contents thereof, and believe the same to be true and complete.

_____
S. Scott James

SUBSCRIBED AND SWORN TO before me this ____ day of _____, 2018.

_____
Notary Public in and for the State
of Washington, residing at _____
My commission expires: _____

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 15
43A3409

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688

CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, I caused to be served the foregoing document on counsel for Defendant via email pursuant to the Stipulation Regarding Electronic Service entered by the parties:

Leonid Feller
R. Allan Pixton
Kelli M. Mulder
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 90954
leonid.feller@kirkland.com;
allan.pixton@kirkland.com;
garry.hartlieb@kirkland.com;
benjamin.oconnor@kirkland.com;
kelli.mulder@kirkland.com;
howard.kaplan@kirkland.com;
Benjamin.montague@kirkland.com;
meghan.guzaitis@kirkland.com

Mark N. Bartlett
Jaime Drozd Allen
Amanda McDowell
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
markbartlett@dwt.com
jaimeallen@dwt.com
amandamcdowell@dwt.com
stephaniechilds@dwt.com
jeannecadley@dwt.com
barbaramcadams@dwt.com

By: s/CLAY M. GATENS
    Clay M. Gatens, WSBA No. 34102
    JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
    2600 Chester Kimm Road
    P.O. Box 1688
    Wenatchee, WA  98807-1688
    Telephone:  509-662-3685
    Fax:  509-662-2452
    Email: ClayG@jdsalaw.com

PLAINTIFFS RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS S. SCOTT JAMES AND NOEL L. JAMES
(2:16-CV-00920-MJP) Page 16
43A3409

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P O Box 1688
Wenatchee, WA  98807-1688